UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tokumbo Howell, | ) | C/A No. 9:25-cv-13042-JDA-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Berkeley County Detention Center | ) | |
| (HillFinklea), Sheriff Duane Lewis, Nurse | ) | |
| Ladson, Berkeley County Sheriff's Dept., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by Plaintiff Tokumbo Howell, a pretrial detainee proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In an Order dated January 29, 2025, Plaintiff was directed to bring his case into proper form by providing the specified documents. Plaintiff was also notified of pleading deficiencies and given the opportunity to amend his Complaint. *See* ECF No. 5. The time for Plaintiff to bring his case into proper form has passed, Plaintiff has failed to bring his case into proper form, and he has not filed any amended complaint.

## I.    BACKGROUND

Plaintiff is a pretrial detainee at the Berkeley County Detention Center (BCDC), also known as the Hill-Finklea Detention Center. He brings claims under 42 U.S.C. § 1983 (§ 1983) for alleged violations of his Eighth and Fourteenth Amendment rights. Defendants are the BCDC, Berkeley County Sheriff Duane Lewis (Lewis), Nurse Ladson (Ladson), and the Berkeley County Sheriff's Department (BCSD).

Plaintiff asserts that his claims are for "facility negligence" and "medical negligence." He claims that upon arrival at the BCDC on August 6, 2025, he was given a flat mattress to put on the floor to sleep. He allegedly complained to an unnamed officer that he would need two mattress or at least a brand new one because the "cold concrete floor would penetrate through the thin mattress" and cause severe pain to his leg which allegedly has a rod in it because of a prior broken femur. Plaintiff contends he was forced to sleep on the thin mat for two days which caused him pain in his leg and throughout his body. He alleges he complained so much that Defendant Ladson allegedly "had the nerve to say Plaintiff was faking his pain." Plaintiff claims that Ladson was unprofessional. ECF No. 1 at 6-7.

On September 10, 2025, Plaintiff allegedly slipped and fell in a puddle of water that accumulated from ceiling leaks. Plaintiff asserts that he fell on his right leg (the one with a rod). Plaintiff claims that Defendant Ladson "made a smart remark[,] stating to Plaintiff 'fakin[g] again'?" Although Plaintiff was allegedly told he was going to receive an x-ray, he was instead given two Tylenol pills, sent back to the unit, and told to see a bone specialist once he got out of jail to determine if more damage was done to his leg because of the fall. ECF No. 1 at 6-7.

Additionally, Plaintiff alleges the medical department refused to give him diabetic meals. Since he has been at BCDC, Plaintiff supposedly has needed insulin injections because his blood sugar levels are elevated. Plaintiff claims this is caused by the food he is fed at BCDC. ECF No. 1 at 7-8.

The injuries asserted by Plaintiff are pain in his body, pain in his leg, and emotional distress. He requests an award of ten million dollars in punitive and compensatory damages. ECF No. 1 at 9.

## II.     STANDARD OF REVIEW

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III.     DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.     Failure to State a Claim

Although Plaintiff lists the names of Defendants Lewis and the BCSD in the caption of his Complaint, his pleadings fail to provide any specific facts to support a claim that these Defendants violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a

plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

Additionally, to the extent Plaintiff may be attempting to bring a claim against Defendant Lewis based on a theory of supervisory liability, such a claim is subject to summary dismissal. To state a § 1983 claim for supervisory liability, a plaintiff must allege:

> (1) that the supervisor had actual or constructive knowledge that [his or her] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Here, Plaintiff has not alleged any facts to establish supervisory liability as to Defendant Lewis.

B.     BCDC

Defendant BCDC is subject to summary dismissal because it is a building or group of buildings and is not a state actor under § 1983. Courts have routinely held that an inanimate object (such as a building, facility, and grounds) does not act under color of state law and is not a "person" subject to suit under § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551,

at *1 (D.S.C. May 26, 2011) (Finding that a detention center, as a building and not a person, was not amenable to suit under § 1983).

C.      Deliberate Indifference Claims

Plaintiff appears to be attempting to bring a claim for a violation of his Fourteenth Amendment rights based on his medical treatment and his conditions of confinement at BCDC. To state a claim that he has been subjected to cruel and unusual punishment, a prisoner must allege facts to indicate that (1) objectively the deprivation of a basic human need was sufficiently serious, and (2) subjectively the prison officials acted with a "sufficiently culpable state of mind." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (referencing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)) "To be 'sufficiently serious,' the deprivation must be 'extreme'—meaning that it poses a 'serious or significant physical or emotional injury resulting from the challenged conditions,' or 'a substantial risk of serious harm resulting from ... exposure to the challenged conditions." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019), *as amended* (May 6, 2019) (citation omitted). Because Plaintiff is a pretrial detainee, he need only show the objective component to establish a Fourteenth Amendment violation. *See Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023). A detainee must show that the defendant was deliberately indifferent to a serious risk of harm, meaning that the defendant acted or failed to act "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 607. "The detainee may satisfy this showing by alleging that the challenged action is not related to a legitimate non-punitive governmental purpose or is excessive in relation to that purpose." *Mallory v. Dorchester Cnty. Det. Ctr.*, No. 2:23-CV-01688-RMG-MGB, 2024 WL 2159789, at *7 (D.S.C. Apr. 24, 2024), *report and recommendation adopted*, 2024 WL 2155211 (D.S.C. May 14, 2024) (citing *Short*, 87 F.4th at 611). However, "not every inconvenience encountered during pretrial detention amounts to

'punishment' in the constitutional sense." *See Prigg v. Baltimore Cnty. Dep't of Corr.*, No. 1:23-cv-48-DLB, 2024 WL 1012885, at *6 (D. Md. Mar. 8, 2024) (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)).

Plaintiff complains about pain from not having two mattresses for two days. However, he has not alleged any facts to indicate that Defendants Lewis or Ladson were responsible for denying him a second or new mattress. Nor does he appear to allege that this deprivation for such a short period of time is sufficiently serious to state a claim for deliberate indifference. Additionally, to the extent Plaintiff is merely alleging "facility negligence," his claims do not rise to the level of deliberate indifference. "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999); *see also Short*, 87 F.4th at 611-12 ("[I]t is still not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee.") (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015)); *see also Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 596 (6th Cir. 2021) (noting that mere negligence is insufficient); *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (noting that a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard.").

Although Plaintiff claims he fell in standing water that allegedly came from a leaking roof, courts have regularly held that accidents such as slip and fall accidents or accidents from an alleged failure to repair do not give rise to federal causes of action under § 1983. *See, e.g., Leffall v. Johnson*, 48 F. App'x 104, 2002 WL 31017045 (5th Cir. 2002) (finding prisoner's claim that he suffered a back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (finding that standing water in

6

prison shower did not pose substantial risk of serious harm even where inmate was on crutches and had warned prison employees that he was at heightened risk of falling); *Watkins v. Lancor*, No. 13-C-0007, 2013 WL 812521 (E.D. Wis. Mar. 5, 2013) (finding prison officials' failure to fix broken dishwasher and provide safety shoes to work on wet kitchen floors at best stated a claim for negligence and did not rise to the level of deliberate indifference).

Plaintiff appears to allege that Defendant Ladson was rude and unprofessional to him. However, such conduct does not rise to the level of a constitutional violation. *Morgan v. Buncombe Cnty.*, No. 1:16-cv-286-FDW, 2016 WL 4585900, at \*2 (W.D.N.C. Sept. 1, 2016) "It is well settled that rudeness and unprofessionalism by prison staff do not constitute a federal or constitutional violation under Section 1983."); *see also White v. Francis*, C/A No. 2:07-15, 2009 WL 302310, at \*6 (N.D.W. Va. Feb. 5, 2009), *aff'd*, 378 F. App'x 371 (4th Cir. 2010) (holding no constitutional violation for medical staff having an unprofessional attitude and citing authority indicating no constitutional violation for a squabble with a rude nurse or having a bad attitude); *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C. 1990), *aff'd*, 917 F.2nd 1302 (4th Cir. 1990) (finding that subjection of a prisoner to verbal abuse or profanity does not rise to the level of a constitutional violation).

Although Plaintiff complains about not receiving an x-ray after his alleged fall and about not receiving a diabetic diet, he has not any facts to state a claim against Defendant Ladson. And there is no indication that Defendant Lewis was involved in his medical treatment. *Bennett v. Nix*, No. 4:18-cv-2781-JMC-TER, 2020 WL 608348, at \*6 (D.S.C. Jan. 7, 2020) ("While non-medical personnel may be liable for medical indifference if they 'were personally involved in a denial of treatment, deliberately interfered with treatment, or tacitly authorized or were indifferent to a prison physician's misconduct,' ... no such [allegations] exist here." (citation omitted)), *report and*

7

*recommendation adopted*, 2020 WL 607206 (D.S.C. Feb. 7, 2020). Plaintiff also does not appear to allege any facts to indicate that he had a serious medical. "Objectively, the inmate's medical condition must be 'serious' — 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)).

Additionally, to the extent that Plaintiff merely alleges negligence or disagrees with the treatment he was given or not given, differences of opinion between an inmate patient and medical staff over the course of medical treatment are insufficient to state a claim of deliberate indifference. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (finding inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and the medical personnel does not rise to the level of a constitutional violation).

D.    State Law Claims

Plaintiff may be attempting to assert claims of negligence under South Carolina law. Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *See* 28 U.S.C. §1367; *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998). Of course, a district court may have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...." 28 U.S.C. § 1332. However, all parties appear to be citizens of South Carolina such that Plaintiff has not alleged complete diversity of the parties. *See* ECF No. 1 at 2-3.

Thus, there is no complete diversity, and Plaintiff may not bring his claims pursuant to § 1332. To the extent Plaintiff has asserted no valid federal claim and there is no diversity

jurisdiction, this Court should not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case); *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

E.      Failure to Bring Case into Proper Form

As noted above, Plaintiff has also failed to bring this case into proper form. In the Court's Proper Form Order dated January 29, 2026, Plaintiff was given the opportunity to bring his case into proper form by providing a completed summons form listing each of the named Defendants and a completed and signed Form USM-285 for each Defendant. Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. *See* ECF No. 5.

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to provide the required items to bring his case into proper form or respond to the Proper Form Order in any way. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV.    <u>RECOMMENDATION</u>

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without leave to amend,[1] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

March 27, 2026
Charleston, South Carolina

---

[1] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).